# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1644V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * *<br>ROBERT L. GOEWEY,<br><br>                Petitioner,<br><br>    v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent.<br>* * * * * * * * * * * * * * * * * * * * * * * * * | Special Master Corcoran<br><br>April 15, 2019<br><br><br>Dismissal of Action; Influenza<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration; Reasonable<br>Basis |

*Amy A. Senerth*, Muller Brazil, PC, Philadelphia, PA, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

Petitioner in this case alleges that an influenza vaccine he received on October 21, 2016, caused him to experience a shoulder injury related to vaccine administration ("SIRVA"). In order to evaluate if Petitioner's claim met the standards for a successful Vaccine Program Table claim, an onset hearing was held on January 24, 2019 (over two years from the Petition's filing). Petitioner was the sole witness to testify. After the hearing, I shared with Petitioner my view that his claim had a low probability of success, since his own testimony plus the records filed in the case were insufficient to substantiate the fact of a SIRVA injury and/or the elements of a Table claim—and moreover that the lack of evidence supporting his claim suggested that it lacked a reasonable basis as well. However, in the interests of fairness, I indicated that I would provide Petitioner one last opportunity to substantiate his hearing statements about onset and duration of his injury.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

To that end, I issued a post-hearing Order directing Petitioner to file (on or before February 28, 2019) either a brief in support of a ruling on the record (bulwarked by additional corroborative evidence) or a status report indicating how he wished to proceed in light of my closing remarks at hearing. Post-Hearing Order, dated Jan. 24, 2019 (docket entry). Petitioner did not meet this deadline, but instead filed a Motion for Extension of Time, requesting until April 1, 2019 to file a brief or status report. Mot. for Extension of Time, filed Mar. 1, 2019 (ECF No. 51).

I denied Petitioner's Motion that same day, explaining that Petitioner had already had ample time since the January 24, 2019 hearing (and indeed since the claim's filing more than two years prior) to offer evidence in support of his claim, and ordering him instead to comply with my prior order by March 8, 2019. Order, dated Mar. 1, 2019 (docket entry). Petitioner thereafter filed a status report in which he stated that he wished to proceed with his claim and intended to obtain statements from two witnesses. Status Report at 1, filed Mar. 8, 2019 (ECF No. 54). He requested thirty days to obtain these statements and then file a Motion for a Ruling on the Record. *Id.* at 2. In response, I directed Petitioner to either show cause why his claim should not be dismissed for lack of reasonable basis, or seek dismissal of his claim, on or before April 5, 2019. Order, dated Mar. 11, 2019 (ECF No. 55). Petitioner ignored that Order, however, prompting me to issue a second order warning him to comply with my orders or face dismissal. Order, dated Apr. 8, 2019 (ECF No. 56). No response to that final Order was filed.

Program claimants must adhere to orders issued in their cases, and the failure to do so has been deemed adequate grounds for dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). This matter may accordingly be appropriately dismissed for failure to prosecute. In addition, however, there are substantive grounds for dismissal of this Petition as well. Under the Vaccine Act, a petitioner may not be given a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof—despite having been given ample opportunity (first at the January onset hearing, and then thereafter) to offer proof sufficient to do so. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[2]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.