# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1644V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
ROBERT L. GOEWEY,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: August 7, 2019

Attorney's Fees and Costs;
Reasonable Basis; Lack of
Objective Evidence

*Amy A. Senerth*, Muller Brazil, PC, Philadelphia, PA, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

Petitioner in this case alleged that an influenza vaccine he received on October 21, 2016, caused him to experience a shoulder injury related to vaccine administration ("SIRVA"). After an onset hearing was held on January 24, 2019 (over two years from the Petition's filing), however, it became evident that his claim had an extremely low probability of success, since his own testimony (as Petitioner was the sole witness to testify) plus the scant records filed in the case were plainly insufficient to substantiate the fact of a SIRVA injury and/or the other elements of a Table claim. Indeed—after hearing, it was evident that the claim lacked any reasonable basis at all to proceed.

I subsequently ordered Petitioner to seek resolution of his claim via ruling on the record, giving him a final opportunity to offer whatever evidence he could identify to support his claim by

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

February 28, 2019. Docket Order, dated Jan. 24, 2019. But Petitioner failed to respond as ordered, and instead requested an extension on the deadline to act, without providing the evidence I had noted after the onset hearing was missing. *See* Motion, dated Mar. 1, 2019 (ECF No. 51). I thereafter extended the deadline to respond to my January order to March 8, 2019, warning Petitioner that he risked dismissal if he did not comply. Docket Order, dated Mar. 1, 2019.

Petitioner then asked again for more time (ignoring the ample time he had already been provided in the case's history) (Status Report, dated Mar. 8, 2019 (ECF No. 54)), prompting me to issue an Order to Show Cause why his claim should not be dismissed entirely, whether on reasonable basis grounds or for failure to adhere to my orders. Order, dated Mar. 11, 2019 (ECF No. 55). When the April 5th deadline I had set for Petitioner to act also passed without response, I ordered Petitioner to respond immediately (Order, dated Apr. 8, 2019 (ECF No. 56))—and when he *again* failed to do so, I dismissed the claim. Decision, dated Apr. 15, 2019 (ECF No. 57). Petitioner did not appeal that dismissal.

Petitioner has now filed an application for a final award of attorney's fees and costs incurred in connection with this case. Motion, dated July 1, 2019 (ECF No. 60). He requests a total award of $19,149.59, reflecting attorney's and paralegal fees in the amount of $16,952.30, plus costs of $2,197.29, incurred between mid-February 2017[2] and June 2019. *Id.* at 3, 6–23. His request notes that I informed the parties after the onset hearing of my preliminary view that the case had reasonable basis at least through the January 24, 2019 hearing, although I did not believe (absent a more rigorous showing of objective proof) that it had enough objective basis to go forward *thereafter* (and therefore that counsel risked not being paid for any additional work performed in the case). *Id.* at 2; *see also* Tr. at 49–51 (ECF No. 53).

Respondent has filed a brief reacting to the fees award request. Response, dated July 12, 2019 (ECF No. 61). As with most fees requests interposed these days in Program cases, Respondent defers resolution of the propriety of the request (including any amounts to be awarded) to my discretion. *Id.* at 3–4. However, he also notes the same colloquy from the onset hearing referenced by Petitioner, emphasizing the concerns I expressed at the time that, *at a minimum*, the case going forward lacked reasonable basis even if it had possessed a modicum of it prior to that time. *Id.* at 2.

## ANALYSIS

It is the case that even unsuccessful Program claims can merit a fees and costs award—but to establish grounds for fees in such a case, the petitioner must demonstrate the claim's "reasonable basis" through some *objective* evidentiary showing and in light of the "totality of the circumstances," including all facts relevant to the to the case, as well as the evidence actually supporting the claim

---

[2] Mr. Goewey initiated the matter in December 2016 *pro se*, with the Muller Brazil firm appearing for him by April 2017. Consented Mot. to Substitute Att'y of Record, dated Mar. 30, 2017 (ECF No. 12).

itself. *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis"[3] sufficient for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).

The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *See Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)). Program attorneys are expected to conduct a reasonable pre-filing investigation—including an evaluation of the factual basis for the claim at minimum. *See Allicock*, 2016 WL 3571906, at *4; *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007) ("[a] reasonable pre-filing inquiry involves an investigation of the factual basis for a Program claim *or* the medical support for a vaccine petition") (emphasis added)). This investigative duty applies as well to counsel who, as here, come into a case mid-stream. *Rehn v. Sec'y of Health & Human Servs.*, No. 14-1012V, 2017 WL 1011487, at *6 (Fed. Cl. Mar. 2, 2017) (finding that special master acted within her discretion when finding that counsel who took over a case after previous counsel withdrew "should have recognized that the case did not have a reasonable basis before she took it on;" noting that counsel's duty to evaluate whether a claim possesses reasonable basis "is magnified when counsel should be aware of the potential weakness of a claim").

The Court of Federal Claims recently provided further illumination as to the standards that should be used to evaluate whether the totality of the circumstances warrant a finding that reasonable basis existed. *Cottingham v. Sec'y of Health & Human Servs.*, 134 Fed. Cl. 567, 578 (2017), *appeal docketed*, No. 19-1596 (Fed. Cir. Feb. 26, 2019). As Judge Williams therein stated, a special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim."[4] *Id.* at 574.

At bottom, reasonable basis is something *less* than sufficient proof to meet the preponderance evidentiary burden, consistent with the concept that even where a Petitioner was found not to have

---

[3] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

[4] The existence of an impending statute of limitations deadline, however, has been removed from consideration under the "totality of the circumstances" analysis, as it does not constitute an objective factor relevant to the claim's underlying validity. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). As this case was filed by Mr. Goewey before Muller Brazil agreed to represent him, this factor is irrelevant to the claim's reasonable basis.

established his claim by a preponderance, he may nevertheless be able to muster sufficient objective proof to demonstrate reasonable basis. *Braun v. Sec'y of Health & Human Servs.*, No. 17-1571V, 2019 WL 3228040, at *4 (Fed. Cl. June 19, 2019) (explaining that reasonable basis standard is "less exacting than the preponderance of the evidence stand and thus, is easier to satisfy").

Here, I find that the present claim possessed reasonable basis up to the date of the January 2019 hearing. Although the claim's weaknesses were laid bare at that time—along with the Petitioner's failure to use the six months he had between the time when I scheduled of the onset hearing in July 2018 (*see* Prehr'g Order, dated July 27, 2018 (ECF No. 46)) and the January 2019 hearing itself to marshal whatever witness or other evidence would support his contentions—the claim itself was not without some objective support prior to that time. Some medical records memorialize Petitioner's claim that he experienced a SIRVA-like injury after his vaccination—and even if those records were discounted, claimants are often able to succeed on disputes about onset in SIRVA cases with persuasive witness or other circumstantial evidence. *See, e.g.*, *Tenneson v. Sec'y of Health & Human Servs.*, No. 16-1664V, 2018 WL 3083140, at *5 (Fed. Cl. Spec. Mstr. Mar. 30, 2018) (finding SIRVA claimant entitled to compensation despite lack of contemporaneous medical record documentation of post-vaccination onset because later-in-time medical records consistently placed onset within forty-eight hours of vaccination), *mot. for review denied*, 142 Fed. Cl. 329 (2019). It was for this reason that I ordered an onset hearing in the first place—to provide Petitioner an opportunity to offer some objective proof, independent of his own claims, of his injury—perhaps through witness testimony. *Chuisano*, 116 Fed. Cl. at 291 (petitioner's affidavit detailing "subjective belief" of vaccine injury did not constitute objective evidence).

After holding the hearing (at which time only the Petitioner himself testified) and permitting Respondent to cross-examine Petitioner on the filed record evidence, it became clear that Petitioner lacked the evidence he needed to go forward, and that he could not substantiate his claim that he had suffered a SIRVA injury. And his subsequent failure to offer any other proof in addition to what was reviewed at hearing underscored the lack of reasonable basis for the claim. Thus, reasonable basis ceased to exist on the hearing date, and no fees and costs (beyond the nominal sums attributable to winding down the claim) should be awarded for work performed after.

Based upon the above, and in accordance with the standards applied to determining a reasonable fees award,[5] I calculate a fees award in this case in the following manner:

*First*, The rates requested for the attorneys who handled the matter, Amy Senerth and Paul Brazil, are consistent with what I have awarded them previously based upon their in-forum status. *See, e.g.*, *Bush v. Sec'y of Health & Human Servs.*, No. 16-1310V, 2019 WL 2710799, at *2 (Fed. Cl.

---

[5] I have discussed the method used to calculate the amount of attorney's fees to be awarded in greater detail elsewhere. *See, e.g.*, *Bush v. Sec'y of Health & Human Servs.*, No. 16-1310V, 2019 WL 2710799, at *1 (Fed. Cl. Spec. Mstr. May 31, 2019).

Spec. Mstr. May 31, 2019). They will receive all requested rates. The same goes for the paralegal rates charged in this matter. *See id.*

*Second*, I will only award time billed to this matter through the date of hearing (January 24, 2019). Thus, 2.5 hours of Ms. Senerth's time, and 1.6 hours of paralegal time, from the subsequent period will be disallowed, as well as the 0.7 hours billed by Mr. Brazil, resulting in a reduction of $1,076.50;

*Third*, I will add back in one hour of Ms. Senerth's time, for drafting of the fees request (something that she could have done on her own, without Mr. Brazil's assistance), increasing the award by $250 to $16,125.80; and

*Fourth*, I will award all costs requested herein ($2,197.29).

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in part, awarding **$18,323.09** in fees and costs in the form of a check jointly payable to Petitioner and Petitioner's counsel, Ms. Amy Senerth. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.